**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JALON MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00572-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jalon Moore's motion to vacate, set aside or

correct sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The United States of America (the

"Government") filed a motion to dismiss, ECF No. 4, and supplemental briefing in support of its

motion to dismiss, ECF No. 23. Petitioner filed a response to the motion to dismiss, ECF No. 12,

and a response to the supplemental briefing, ECF No. 25. The motions are fully briefed and

ready for disposition. For the reasons set forth below, Petitioner's motion will be denied and the

Government's motion will be granted.

### Factual Background

The factual background is set forth in the record, the guilty plea agreement, and the

Government's motion to dismiss.

### Procedural Background

On April 25, 2019, a federal grand jury returned a twelve-count indictment against

Petitioner. *See United States v. Moore*, Case No. 4:19-cr-00325-JAR-1, ECF No. 2.[1]

---

[1] Filings in Petitioner's criminal case will be referenced hereinafter as "Crim. ECF No."

<u>The Guilty Plea Agreement</u>

On January 3, 2022, Petitioner pleaded guilty to Counts Three, Four, Five, Seven, Eight, Nine, and Eleven of the indictment pursuant to the guilty plea agreement with the Government. *See* Crim. ECF No. 207. Pursuant to the guilty plea agreement, Petitioner "agree[d] that the facts in this case" include that he "committed a string of armed robberies in 2019" and that "[e]ach of the robberies involved . . . the brandishing of firearms, and the taking or attempted taking of money or cash from local businesses, by the use of force, threatened force, or violence." *Id*. at 3. Further, the guilty plea agreement detailed that Petitioner "brandished firearms . . . using actual or threatened force to accomplish the robbery" and that he "admits that his actions obstructed, delayed, and affected commerce in some way or to some degree." *Id*. at 3-7.

Petitioner agreed to waive "all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea." *Id*. at 13. Petitioner further agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.*

Petitioner also agreed that he was "fully satisfied with the representation received from defense counsel;" had "reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel;" and defense counsel had "completely and satisfactorily explored all areas which [he had] requested relative to the United States' case and any defenses." *Id.* at 16. Petitioner acknowledged "having voluntarily entered into both the plea agreement and the guilty plea," that his guilty plea was made of his "own free will," and that he was "in fact, guilty." *Id*. at 17.

Sentencing

On April 20, 2022, the Court sentenced Petitioner to a total term of 300 months in the United States Bureau of Prisons, consisting of 132 months on Counts 3, 5, 7, 9, and 11, to be served concurrently, and a term of 84 months on each of Counts 4 and 8 to be served consecutively to each other and the other counts. *See* Crim. ECF No. 232.

Appeal

Petitioner appealed, contending that his "18 U.S.C. 924(c) conviction and sentences, which were predicated on his 18 U.S.C. 1951(a) Hobbs Act convictions and sentences, should be vacated." ECF No. 1 at 2. The United States Court of Appeals for the Eighth Circuit dismissed Petitioner's appeal, finding that Petitioner's appeal waiver was "valid, enforceable, and applicable to the issues raised in this appeal." Crim. ECF No. 232 at 2. The Eighth Circuit also found that "the plea agreement established that [Petitioner] pleaded guilty to completed Hobbs Act robbery, which is a crime of violence." *Id*.

**Petitioner's Motion**

On April 28, 2023, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In Ground One, Petitioner alleges that the District Court erred in imposing a sentence of "84 months on Counts 4 and 8 for violating 18 U.S.C. 924(c) where those counts were predicated on crimes of violence pursuant to 18 U.S.C. 1951(a)." ECF No. 1 at 4. Petitioner argues that "his underlying convictions do not qualify as crimes of violence under § 924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use or threatened to use force." *Id*. Thus, he contends that his convictions on Counts 4 and 8 must be vacated. *Id*. at 18.

In Ground Two, Petitioner claims ineffective assistance of counsel, asserting that his

3

attorney "never stated or brought attention" to *United States v. Taylor*, 596 U.S. 845 (2022), "or that 18 U.S.C. 924(c) and 18 U.S.C. 1951(a) couldn't coexist." *Id.* at 5.

In Ground Three, Petitioner contends that "18 U.S.C. 1951(a) is a non-violent crime" yet he was sentenced in a "violent" category "based off 18 U.S.C. 924(c)." *Id.* at 6. He argues that his sentence on Counts 3, 5, 7, 9, and 11 "was beyond guideline range." *Id.* He concludes that he should be resentenced on Counts 3, 5, 7, 9, and 11 to a guideline "sentence of 46-57 months on all counts and for them to run concurrently to each other." *Id.* at 18.

### The Government's Motion to Dismiss

In its motion to dismiss, the Government asserts that Grounds One and Two of Petitioner's motion are both based on Petitioner's misreading of United States Supreme Court's decision in *Taylor*. The Government states that Petitioner already raised this *Taylor*-based argument on direct appeal, and is thus barred from relitigating this issue here.

Petitioner pleaded guilty to two counts of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §  924(c)(1)(A)(ii), which were related to two completed Hobbs Act robberies. In his appeal, Petitioner argued that his § 924(c)(1)(A)(ii) convictions (for completed robberies) were invalid pursuant to *Taylor*. The Eighth Circuit, however, concluded that Petitioner's argument was barred by the appeal waiver is his plea and that *Taylor* did not apply to completed Hobbs Act robberies, which are crimes of violence. *See United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. Sept. 21, 2022) (per curiam). According to the Government, Petitioner raises an identical *Taylor*-based argument in Ground One, and thus the Court should dismiss Petitioner's motion.

Regarding Ground Two, the Government contends that Petitioner cannot demonstrate that his counsel's performance fell below an objective standard of reasonableness or that but for

4

the error, the outcome would likely have been different. First, Petitioner was sentenced in April 2022, and *Taylor* was not decided until June 2022. Second, the Government states that Petitioner's counsel cannot be unreasonable in failing to raise an argument that was subsequently rejected on appeal.

In its supplemental briefing in support of its motion to dismiss, the Government argues that Ground Three of Petitioner's motion should be dismissed because it also impermissibly raises only the *Taylor*-based claim which was raised and decided on direct appeal, and which therefore cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255. The Government notes that Petitioner concedes as much in his motion, which responds "yes" to the question of whether he raised Count III in the direct appeal. ECF No. 1 at 7. The Government reiterates that the Eighth Circuit already decided on appeal that Petitioner's sentence does not run afoul of or conflict with the *Taylor* decision.

**Legal Standards**

Relief Under 28 U.S.C. § 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States*

5

*v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Petitioner bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Claims brought under § 2255 may be limited by procedural default. A Petitioner "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citation omitted). Further, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the Petitioner can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Ineffective Assistance of Counsel

The standard established in *Strickland v. Washington*, 466 U.S. 668 (1984) provides the framework for evaluating ineffective-assistance-of-counsel claims. *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). Petitioner "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made

6

errors so serious that counsel was not functioning as [] guaranteed [] by the Sixth Amendment." *Id* (cleaned up). Review of counsel's performance by the court is highly deferential, and the Court "presumes counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective. *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir. 1996).

The second part of the *Strickland* test requires that Petitioner show he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54, quoting *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. United States,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

### Discussion

<u>Ground One</u>

The Court finds that Petitioner's claim in Ground One should be dismissed as waived. In the guilty plea agreement, Petitioner waived his rights pursuant to § 2255 right to raise issues except for claims of prosecutorial misconduct or ineffective assistance of counsel. *See* Crim. ECF No. 207 at 13. It is well established that a petitioner may waive his § 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." *See DeRoo v. United States*, 223 F.3d 919, 923 (8th

Cir. 2000); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003). The Eighth Circuit has cautioned that "waivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *Id*. at 891.

Here, Petitioner acknowledged "having voluntarily entered into both the plea agreement and the guilty plea." *See* Crim. ECF No. 207 at 17. Petitioner admitted in the agreement that he "is, in fact, guilty" of the offense. *Id*. The Court also confirmed with Petitioner that he understood the terms of the plea agreement at the change of plea hearing. Crim. ECF No. 206. Petitioner has not established that enforcement of the waiver would result in a "miscarriage of justice." *DeRoo*, 223 F.3d at 923. Therefore, the Court will dismiss Petitioner's claim in Ground One as waived.

Furthermore, Petitioner attempts here to relitigate his *Taylor*-based argument that already failed on direct appeal before the Eighth Circuit. *See Moore*, 2022 WL 4361998 at *1. However, he is barred from relitigating the claim. *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."). Accordingly, the Court will dismiss Petitioner's claim in Ground One on this basis as well.

Petitioner's claim in Ground One also fails on the merits. Petitioner argues that the Court erred in imposing a sentence of 84 months on Counts 4 and 8 because they were predicated on crimes of violence, asserting his underlying convictions do not qualify as crimes of violence under § 924(c)(3)(A). Petitioner, however, pleaded guilty to two counts of brandishing a firearm in furtherance of completed robberies, which are crimes of violence. *See* Crim. ECF No. 207 at 3-7. While *Taylor* decided that *attempted* Hobbs Act robbery is not a crime of violence, it did not hold as such for *completed* Hobbs Act robbery. 596 U.S. at 851-52. Indeed, the Eighth Circuit has ruled that completed Hobbs Act robbery is a crime of violence. *See Diaz v. United States*,

8

863 F.3d 781, 783 (8th Cir. 2017). Here, the plea agreement confirms that Petitioner pleaded guilty to completed Hobbs Act robberies. *See* Crim. ECF No. 207 at 3-7 (establishing that on multiple occasions Petitioner "brandished . . . firearms in furtherance of a crime of violence, *i.e.*, the robbery discussed above."). Accordingly, *Taylor* does nothing to invalidate Petitioner's conviction and sentence pursuant to § 924(c). Therefore, the Court will also dismiss Petitioner's claim in Ground One because it fails as a matter of law.

Ground Two

The Court finds that Petitioner fails to establish a claim of ineffective assistance of counsel in Ground Two. Petitioner posits that his attorney was ineffective for failing to bring attention to the *Taylor* case, and for failing to argue that "18 U.S.C. 924(c) and 18 U.S.C. 1951(a) couldn't coexist." ECF No. 1 at 5. This claim collapses simply due to the fact that, as the Government points out, Petitioner was sentenced in April 2022 and *Taylor* was not decided until June 2022. As *Taylor* was not yet settled at the time of sentencing, it cannot serve as the basis for claiming that Petitioner's counsel failed to employ its ruling in Petitioner's defense. *See Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014). Moreover, leaving the issue of any supposed deficiency in his attorney's performance aside, Petitioner cannot show that he suffered prejudice as a result of that performance. As discussed above, *Taylor* does not invalidate Petitioner's conviction and sentence pursuant to § 924(c). *See*, *e.g.*, *Jones v. United States*, No. 1:20-CV-60-RLW, 2023 WL 2162081, at *4 (E.D. Mo. Feb. 22, 2023) (finding that the petitioner failed to establish "ineffective assistance of counsel or a valid basis for setting aside his § 924(c) conviction following the Supreme Court's *Taylor* decision"). Petitioner cannot show that he was prejudiced by his attorney's performance, so he has not established an ineffective assistance of counsel claim. Therefore, the Court will Petitioner's claim in Ground Two.

Ground Three

The Court finds that like Petitioner's claim in Ground One, Petitioner's claim in Ground Three should be dismissed as waived. Petitioner contends that "18 U.S.C. 1951(a) is a non-violent crime" but he was sentenced in a "violent" category "based off 18 U.S.C. 924(c)," and thus his sentence on Counts 3, 5, 7, 9, and 11 "was beyond guideline range." ECF No. 1 at 6. This is the same *Taylor*-based argument that Petitioner presented in Ground One. As detailed above, Petitioner agreed to waive this claim as part of his guilty plea agreement, Crim. ECF No. 207 at 13, and he has not established that enforcement of the waiver would result in a "miscarriage of justice." *DeRoo*, 223 F.3d at 923. Thus, the Court will dismiss Petitioner's claim in Ground Three as waived. Moreover, Petitioner is barred from relitigating Ground Three's claim because the issue was already raised and decided on direct appeal. *See Shabazz*, 657 F.2d at 190. Finally, Petitioner's claim in Ground Three fails on the merits, as *Taylor* only holds that attempted Hobbs Act robbery is not a crime of violence. 596 U.S. at 851-52. Completed Hobbs Act robbery, on the other hand, is a crime of violence. *See* Diaz, 863 F.3d at 783. Petitioner pleaded guilty to completed Hobbs Act robberies. *See* Crim. ECF No. 207 at 3-7. As *Taylor* does nothing to invalidate Petitioner's conviction and sentence, the Court will also dismiss Petitioner's claim in Ground Three because it fails as a matter of law.

For all these reasons, Petitioner's motion will be dismissed in its entirety.

## Certificate of Appealability

A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a Petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537

10

U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Therefore, a certificate of appealability will not issue.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jalon Moore's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's motion to dismiss [ECF No. 4] is **GRANTED**, and this action is dismissed.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 7th day of August, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE